*M'FALL'S CASE.*

THIS man, an inhabitant of the state of Kentucky, came down on a trading voyage to New-Orleans, and was recognised as a witness to attend the trial of an indictment.

Witness summoned in town, and staying till Court, not allowed milage back.

*Morse*, on his behalf, now claimed the daily allowance, made by the act of 1807, chap. 2, sect. 8, and milage to his place of residence in Kentucky.

Detained in town, allowed pay from the date of his recognizance.

THE daily allowance was claimed, from the date of the recognisance till the indictment was disposed of.

*By the Court.* Milage cannot be allowed, for witnesses are to be allowed only " for every mile " they shall necessarily ride going and coming"— now, if this man is under the necessity of *returning* home, it is not on account of the summons he has received, for he was not compelled to remove from the city of New-Orleans, in which he was summoned ; so the necessity he is under, of returning to Kentucky, is not occasioned by the summons.

THE English part of the act, provides an allowance " for each day, they (witnesses) shall be " detained on the trial of any cause ;" while in the French part, the allowance is, " for every day they " shall be detained near the Court"—*qu'ils seront*

SPRING 1812.
I. District.

M'FALL'S
CASE.

*détenus près du tribunal.* The first allows for eve-ry's days actual attendance on the trial, the second for every day's detention.

IN this case, the witness was recognised as he was returning home, and was compelled to wait till the meeting of the Court—the time being too short to allow him to go home and return. It is, therefore, but just the territory should pay him during the time he waited in town, for the meet-ing of the Court. Indeed, his case comes within the very letter of the French part of the act: he was detained near the Court—*détenu près du tri-bunal.*